IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:23-CR-101-TAV-DCP |
| TYLIER D. WARD, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Tylier D. Ward's Motion to Continue Trial and All Associated Deadlines [Doc. 28], filed on March 29, 2024.

In his motion, Defendant Ward asks the Court to continue the motions deadline which expired on February 27, 2024, the plea deadline set for March 29, 2024, and the April 30, 2024 trial date. In support of his motion, Defendant asserts that defense counsel was substituted on March 13, 2024. While counsel has received discovery from the previous attorney, she has inquired about the possibility of additional documentation. Further, defense counsel is investigating pretrial motions and monitoring the Supreme Court litigation regarding 18 U.S.C. § 922(g). Therefore, defense counsel requests additional time to review discovery and the law with Defendant and notes that Defendant may be moved to a different facility which could aid in this process. Defendant's motion reflects that he understands the continuance will necessarily affect the computation of time pursuant to the Speedy Trial Act and that counsel for the Government does not oppose the continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the April 30, 2024 trial date.

The Court therefore **GRANTS** Defendant Tylier D. Ward's Motion to Continue Trial and All Associated Deadlines [**Doc. 28**]. The trial of this case is reset to **September 17, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 29, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Tylier D. Ward's Motion to Continue Trial and All Associated Deadlines [**Doc. 28**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 17, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 29, 2024**, and the new trial date of **September 17, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **April 29, 2024,** and responses to motions are due on or before **May 13, 2024.**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 16, 2024**;

(6) the deadline for filing motions *in limine* is **August 30, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 3, 2024, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 6, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge